UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DEWIGHT M. TAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-CV-P238-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| LEGISLATIVE RESEARCH COMM'N *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The Court has granted Plaintiff Dewight M. Taylor leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff is incarcerated at the Louisville Metro Department of Corrections (LMDC). He brings suit against the Legislative Research Commission; the City of Louisville; "Metro Council"; Louisville Metro Police Department (LMPD); LMDC; Jefferson Circuit Court; and Jefferson District Court.

In the Statement of Claim(s) section of the complaint, Plaintiff writes as follows:

This complaint is about a 7 headed beast, which is a multiple criminal corrupted syndicate connection of corporations. This syndicate uses injustice practices, to commit criminal coercion, to issue Judge signed orders and to do illegal searches, this violates citizens' rights such as Amendment 4 and 11. After the order is received by the hired security known as [LMPD], they kidnap positive productive Citizens, the [LMPD] violates the 1st and 8th amendment by disregarding free citizens speech in such a manner to state lack of Jurisdiction by Jefferson District Circuit Court, Nor to state he/she is not a corporation and doesn't consent to any contract, to reserve their rights without prejudice via U.C.C. 1-308. The [LMPD] officers and detectives will coherse citizens to admit to being incorporated persons

1

through a fraudulent procedure called transmitting Utility name due to the syndicate priority of organize criminal coercion process. Once a citizen is tricked into beliving their a corporation (person – legal term) the syndicate invokes intimidation by the employment of [LMPD] detectives to manipulate citizens to believe he's/she's breaking common law but the syndicate has disguised commercial under false common law. As the citizen is brainwashed he/she will be unlawfully imprisoned at [LMDC] to be faced with their 8th Amendment violated. This syndicate will utilize threat and coercion by the commonwealth attorney's office to use a draconian tactic by the name of pre-accusation delay. This leads to a wrongful conviction which violates the 14 amendment with the creation of the general assembly as the shareholders to the municipal corporation the City of Louisville, who can not function without the board of directors which is the metro council to provide the vision to enslave their citizens to be chattel property. In a legal sense using commercial law the citizens are title "person"/corporations. As these 3 leading factors of the de facto government municipal syndicate posing as a real city of de Jure, they have install a illigentiment Judicial branch formerly known as the district and circuit court of Jefferson County. They also have instituted a partnering corporation named the Commonwealth of Kentucky, to pose as the dominating factor to prosecute citizens and transfer them into chattel property violating their 13 amendment now for the syndicate to specialize in the transferring of people into chattel property there has to be a hunting crew to kidnap the people of Louisville and that company is the [LMPD] once they have received a order or issue to kidnap the people this violate the people constitutional rights (4 amendment) once the people has been knowingly kidnap they are placed in subsectional shipping house name the [LMDC]. Specific claims on the [LMDC] are unhealthy, unclean, improper hygiene practices. . .

Conclusion of Fact:
These incorporated parties have come together to form a Government of Defacto in place of a Government of Dejure for the purpose of a criminal coercion (509.080). This act of false government activity is a fraudulent use of government (Fraud). . .

Plaintiff then makes allegations regarding how Defendants have specifically violated his constitutional rights, such as when a judge issued a warrant "for the transmitting utility name (corporation) which is not me . . ."; when Plaintiff was not allowed to state he was not a "corporation"; and when Plaintiff was forced into the "managed warehouse called [LMDC]."

Plaintiff concludes the complaint by stating that Defendants have "conspired together to coercion and manipulation of me into an unconsenting contract so they can commit fraud and satisfy their criminal coercion."

2

In an attachment to the complaint, Plaintiff states that he seeks the immediate expungement of his criminal record; for Defendants to cease and desist the harassment against public interest and the complete stop of the violation of his sovereign constitution rights; damages for labeling him a "felon in a fraudulent personality by way of a transmitting utility name I want 50 millions dollars"; release from illegal detention; and a public apology.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review of the complaint, the Court can discern no claim upon which relief may be granted.

In addition, "[a] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The instant complaint meets this standard as well.

## III.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: June 24, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
      Defendants
A958.011